UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| STEVEN K. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-267-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, Commissioner | ) | **MEMORANDUM OPINION** |
| of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Steven Peterson ("Peterson") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 11 and 14] Through this action, Peterson seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to Supplemental Security Income payments. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Peterson.

**I.    BACKGROUND**

Peterson filed an application for Supplemental Security Income ("SSI") on June 6, 2003. The claim was denied initially and upon reconsideration. Thereafter, Peterson requested a hearing before an ALJ. On March 10, 2005, a hearing was conducted before ALJ Andrew J. Chwalibog. During the hearing, the ALJ heard testimony from Peterson and Gina Baldwin, a

vocational expert ("VE").  Thereafter, the ALJ issued a decision denying benefits to Peterson. [Transcript ("Tr."), pp. 13-22] The ALJ concluded that Peterson retained the residual functional capacity to perform a significant range of light work.  [Tr., p. 22] Peterson's request for review was denied by the Appeals Council on August 1, 2005.  [Tr., pp. 5-7]

At the time of the hearing, Peterson was 41 years-old and had an eleventh grade education.  [Tr., p. 14]  He has past work experience as an electrician's helper.  [Tr., p. 14] Peterson alleges disability beginning April 1, 1999, due to blindness, back pain, high blood pressure and nerves.  [Tr., p. 14]  After review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Peterson had the residual functional capacity to perform a significant range of light work.  [Tr., p. 22]  He further concluded that Peterson was not disabled as defined in the Social Security Act and regulations. [Tr., p. 22]

## II.     LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b).  Second, a claimant must show that he suffers from a severe impairment.  20 C.F.R. § 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age,

education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

**III. DISCUSSION**

Peterson raises one issue in this action. He contends that ALJ Chwalibog erred because he assessed a RFC different from the RFC found by ALJ Mack Cherry at Peterson's initial hearing. Relying on the Sixth Circuit's opinion in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), Peterson asserts that ALJ Chwalibog was bound by the decision of the prior

ALJ and was precluded from finding a different RFC from that found by the ALJ at his first hearing.

In *Drummond*, the claimant's initial application for Supplemental Security Income was denied by an ALJ, finding that the claimant retained the RFC to perform "sedentary" work. *Id*. at 838. The claimant filed a subsequent application for Supplemental Security Income two years later. Another hearing was held before an ALJ. This time the ALJ concluded that the claimant had the RFC to perform "medium" work. *Id*. at 839. The Sixth Circuit held that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id*. at 842. The result of this decision for the claimant in *Drummond* was the awarding of benefits.[1]

On July 23, 2001, ALJ Cherry concluded that Peterson was not disabled. Specifically, ALJ Cherry found that the Plaintiff had the following residual functional capacity:

> lift or carry 20 pounds occasionally and ten pounds frequently. He has the ability to read at the third grade level and perform mathematics at the fifth grade level. The claimant is able to stand or walk for six hours in an eight-hour workday. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps or stairs, balance, stoop, bend, kneel, crouch, and crawl. He should avoid exposure to temperature extremes, dampness, wetness, humidity, vibration, fumes, odors, dust, and gases. He should never be exposed to hazardous machinery or unprotected heights. He should avoid driving. He is blind in the right eye and is unable to perform tasks requiring fine visual acuity. The claimant has moderate limitation in his ability to maintain attention and concentration for extended periods, and understand, remember, and carry out detailed instructions.

[Tr., p. 38]

---

[1] Benefits were due because the claimant's age status had changed from a "younger person" to a "person approaching advanced age," during the time between the two applications for benefits. The result of a "sedentary" RFC finding in combination with the new age status meant the claimant was entitled to benefits. *Id*. at 839

In the current administrative decision, ALJ Chwalibog acknowledged the findings of ALJ Cherry, noting that "there [was] no evidence of worsening in [Peterson's] physical impairments since the previous Decision." [Tr., p. 19] As such, ALJ Chwalibog indicated that he had given weight to the prior ALJ's assessment of Peterson's residual functional capacity. Peterson, however, claims that ALJ Chwalibog's vocational assessment differs from the assessment of ALJ Cherry. In particular, Peterson contends that ALJ Chwalibog's finding that he should avoid all activity requiring "binocular vision" [Tr., p. 20] imposes different vocational restrictions than ALJ Cherry's determination that he is "unable to perform tasks requiring fine visual acuity." [Tr., p. 40] This Court does not agree. Both ALJs imposed vocational restrictions upon Peterson that took into account that he is blind in one eye. Although the ALJs did not use the same terminology, they agreed that Peterson's physical capabilities were limited by the fact that he only has one functioning eye.

With respect to Peterson's mental limitations, ALJ Chwalibog noted that the medical evidence of record showed a worsening of his condition since the prior ALJ's assessment. Although the principles of res judicata may bind a Commissioner and prevent the re-litigation of issues that have previously been adjudicated, the fact remains that when there is evidence of changed circumstances in the record, a subsequent ALJ will not be bound by the findings of a previous ALJ. *Drummond*, 126 F.3d at 842-43. Here, ALJ Chwalibog reviewed the medical evidence of record and concluded that there was substantial evidence indicating that Peterson's mental condition had actually worsened since the time of ALJ Cherry's administrative decision. Thus, ALJ Chwalibog imposed greater mental restrictions upon Peterson. Despite this fact, ALJ

Chwalibog found that Peterson was not disabled. Because substantial evidence exists indicating that Peterson's mental condition had worsened since the initial hearing, ALJ Chwalibog was not bound by ALJ Cherry's determination as to his mental limitations.

For the reasons discussed herein, the Court finds that the Claimant has failed to provide any basis for reversing the decision of ALJ Chwalibog or for remanding the case for further proceedings. After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence.

### IV. CONCLUSION

It is hereby **ORDERED** as follows:

1. Claimant's Motion for Summary Judgment [Record No. 11] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 14] is **GRANTED**; and

3. The Commissioner's administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 14th day of March, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge